UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------x
ALICIA MOORE,

                        Plaintiff,

      - against -

NATHAN LEE, *et al.*,

                        Defendants.
-------------------------------------------------------x

**TRANSFER ORDER**
24-CV-4915 (PKC) (LB)

PAMELA K. CHEN, United States District Judge:

    Plaintiff Alicia Moore filed the instant fee-paid *pro se* civil rights complaint on July 15, 2024. (Compl., Dkt. 1.) As the majority of Defendants are located in Westchester, Bronx, and New York Counties, and all of the allegations involved actions that took place outside this judicial district, the Court directed Plaintiff to show cause why this case should not be transferred to the United States District Court for the Southern District of New York. (7/30/24 Docket Order.)

    Plaintiff responded to the Court's Order on August 12, 2024. (Dkt. 5.) Plaintiff states: "Landlord & broker both reside in Brooklyn both involved in not only housing issues but phone & bank as well." (*Id.* at 1.) Additionally, Plaintiff requests to add a new defendant, her neighbor in Yonkers who allegedly vandalized Plaintiff's car, made accusations against Plaintiff, and threatened to call the police. (*Id.* at 1–2.) Plaintiff asserts that the neighbor "did this with instruction from landlord." (*Id.* at 2.)

    Plaintiff's response does not include any specific details indicating why venue is proper in this district. (*See generally id.*) Nor does Plaintiff's response contradict the claims in Plaintiff's Complaint, which primarily includes allegations regarding Plaintiff's housing and mailbox in Yonkers, as well as issues with medical care, Plaintiff's employer, and bank accounts, all located in Westchester County and Manhattan. (Compl., Dkt. 1 at 7–9.)

Pursuant to the venue provision governing civil actions, an action may be filed in the judicial district in which any defendant resides or where a substantial part of the events or omissions giving rise to the claim occurred. *See* 28 U.S.C. § 1391(b). Under 28 U.S.C. § 1404(a), even if an action is filed in a federal district court where venue is proper, a court may nevertheless transfer the action to any other federal district court where it might have been brought "[f]or the convenience of parties and witnesses, in the interest of justice." 28 U.S.C. § 1404(a). Courts have broad discretion to transfer cases based on notions of convenience and fairness on a case-by-case basis. *D.H. Blair & Co., Inc. v. Gottdiener*, 462 F.3d 95, 106 (2d Cir. 2006). In determining whether a motion to transfer venue should be granted, courts consider the following factors:

> (a) the plaintiff's choice of forum, (b) the convenience of witnesses, (c) the location of relevant documents and relative ease of access to sources of proof, (d) the convenience of the parties, (e) the locus of operative facts, (f) the availability of process to compel the attendance of unwilling witnesses, (g) the relative means of the parties, (h) the forum's familiarity with the governing law, and (i) trial efficiency and the interest of justice, based on the totality of the circumstances.

*Liberty Mut. Ins. Co. v. Fairbanks Co.*, 17 F. Supp. 3d 385, 395 (S.D.N.Y. 2014) (citation omitted). Normally, "[a] plaintiff's choice of forum is entitled to significant consideration and will not be disturbed unless other factors weigh strongly in favor of transfer." *Hershman v. UnumProvident Corp.*, 658 F. Supp. 2d 598, 601 (S.D.N.Y. 2009) (internal quotation marks and citation omitted). However, a plaintiff's choice of forum is given less weight where "the operative facts have little or no connection with the forum chosen by the plaintiff." *EasyWeb Innovations, LLC v. Facebook, Inc.*, 888 F. Supp. 2d 342, 348–49 (E.D.N.Y. 2012) (internal quotation marks and citations omitted) (collecting cases).

Plaintiff has not indicated why she initially chose to bring her claims in the Eastern District when the operative facts arose elsewhere. Although three Defendants are alleged to reside in

Brooklyn or Long Island, twelve Defendants are alleged to reside in Westchester and New York Counties. (*See generally* Compl., Dkt. 1.) Moreover, all of the alleged events appear to have occurred within the judicial district of the Southern District of New York. *See* 28 U.S.C. § 112(b) (New York, Westchester, and Bronx Counties are located within the Southern District of New York). These factors weigh in favor of transfer to the Southern District of New York, as the documents, witnesses, and most of the parties are located there.

Accordingly, the Court believes that it would be in the interest of justice for this case to be heard in the district where most Defendants are located and where the claims arose. This case is hereby transferred to the United States District Court for the Southern District of New York pursuant to 28 U.S.C. § 1404(a). Should Plaintiff wish to amend her Complaint to add an additional defendant, she may raise that issue in the transferee court.

The Clerk of Court is respectfully directed to transfer this case to the United States District Court for the Southern District of New York, mail a copy of this Order to Plaintiff at the address she provided, and to close the case in this Court.

SO ORDERED.

*/s/ Pamela K. Chen*
Pamela K. Chen
United States District Judge

Dated: August 26, 2024
Brooklyn, New York